306 F.2d 148
 FORMULABS, INCORPORATED, Clarence Schreur and Gordon S.
Lacy, Appellants,
v.
HARTLEY PEN COMPANY, Appellee, and E. I. du Pont de Nemours
& Company, Appellee.
HARTLEY PEN COMPANY, a California Corporation, doing
business as The Hartley Co., Petitioner,
v.
The Honorable William C. MATHES, Judge of the United States
District Court for the Southern District of California,
Central Division, Respondent, E. I. du Pont de Nemours &
Company, a Delaware Corporation, and the Real Party in
Interest, Respondent, Formulabs, Incorporated, a California
Corporation; Clarence Schreur individually; Gordon S. Lacy,
individually; Pacific Research Laboratory, a partnership, Respondents.
 Nos. 17741, 17799.
 United States Court of Appeals Ninth Circuit.
 July 11, 1962, As Corrected July 31, 1962.
 
 William Douglas Sellers, Pasadena, Cal., for appellants Formulabs, inc.
 Owen A. Bartlett and A. V. Falcone, Los Angeles, Cal., for Hartley Pen Co.
 Lawler, Felix & Hall and Robert Henigson, Los Angeles, Cal., for E.I. du Pont de Nemours & Co.
 Before BARNES, HAMLEY and JERTBERG, Circuit Judges.
 JERTBERG, Circuit Judge.
 
 
 1
 The matters before us in the above causes have their genesis in an action instituted by Hartley Pen Company, an appellee in No. 17741 and the petitioner in No. 17799, against E. I. du Pont de Nemours & Company, etc., an appellee in No. 17741 and a respondent in No. 17799, for damages for breach of warranty. Formulabs, Incorporated, Clarence Schreur and Gordon S. Lacy, etc. are appellants in No. 17741 and respondents (sometimes referred to as intervenors) in No. 17799. The Honorable William C. Mathes, Judge of the United States District Court for the Southern District of California, Central Division, is a respondent in No. 17799.
 
 
 2
 For convenience the parties will be referred to respectively as 'Hartley,' 'du Pont,' 'Formulabs,' and 'District Court.'
 
 
 3
 In order to place the parties in proper posture and to consider the questions presented by these two causes, it is necessary to review prior proceedings in the Court below and in this Court.
 
 
 4
 Hartley manufactures ball point pens containing cartridges filled with ink made under a secret formula comprising a trade secret belonging to Formulabs. The use of the secret formula by Hartley was under the terms of a written license agreement with Formulabs.[1]
 
 
 5
 The ink manufactured by Hartley and placed in the cartridges incorporated a dye purchased by Hartley from du Pont. In August 1953, du Pont sold to Hartley blue B dyes from Lots 36 and 37. The complaint filed by Hartley against du Pont alleges that the inks made by Hartley using dyes from Lots 36 and 37 proved to be defective and unmarketable. Hartley claims that it suffered general and special damages in large amounts as the proximate result of the alleged defective and unmarketable dye.
 
 
 6
 As part of its discovery proceedings, du Pont sought, by interrogatories, to learn Formulabs' secret formula used by Hartley in the formulation of the alleged defective ink using the alleged defective dye, Lots 36 and 37, as well as certain of Formulabs' secret test procedures which had been disclosed to Hartley.
 
 
 7
 Formulabs moved the District Court to intervene in the pending action between Hartley and du Pont on the ground that the property affected belonghed to it and that its right of ownership would be seriously injured and destroyed by disclosure of the trade secrets. Formulabs proposed cross-complaint prayed that Hartley be enjoined from disclosing such trade secrets. The District Court entered a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., denying Formulabs' petition for intervention. On appeal, this Court held that under the plain language of Rule 24(a)(3),[2] Formulabs had a right to intervene in the action, and reversed the order of the District Court denying intervention. Formulabs, Inc. v. Hartley Pen Company, et al., 275 F.2d 52 (9th Cir. 1960) cert. denied 363 U.S. 830, 80 S.Ct. 1600, 4 L.Ed.2d 1524.
 
 
 8
 On du Pont's motion for production and inspection, the District Court granted du Pont the right to inspect documents in Hartley's custody or under its control. It was conceded that such inspection would presumably disclose the secret formula and the secret test procedures.
 
 
 9
 This Court granted Hartley leave to file its petition for writ of prohibition and for writ of mandate, either or both in the laternative, and for other relief, and issued an order to show cause. Basically, the petition sought to have set aside by this Court the orders of the District Court requiring disclosure of the secret formula and the secret test procedures. This Court ordered that a writ of mandamus issue to the District Court and the Judges thereof, directing the setting aside of those portions of the orders made by the District Court which required disclosure of the secret formula and the secret testing procedures, without prejudice, however, to du Pont's right to thereafter initiate such discovery procedures as might be proper in an endeavor to establish that disclosure of the secret formula or the secret testing procedures, or both, was or were relevant and necessary to the proper defense by du Pont of the damages action pending in the District Court. Hartley Pen Company v. United States District Court for the Southern District of California, Central Division et al., 287 F.2d 324 (9th Cir. 1961).
 
 
 10
 Following the return of the mandate of this Court to the District Court, du Pont initiated new discovery procedures against Hartley by way of interrogatories and requests for admissions, and by order signed January 10, 1962 and filed on January 11, 1962, Hartley was ordered over its objections to answer the interrogatories and requests for admissions and to do so on or before February 2, 1962. The order of the District Court contained certain protective provisions. It is not seriously questioned that the answers to the interrogatories and requests for admissions will require the disclosure of the secret formula. Formulabs appealed to this Court from said order and said appeal forms the subject matter of Cause No. 17741.
 
 
 11
 We granted leave to Hartley to file its petition for writ of prohibiton and for writ of mandate, either or both in the alternative, and for other relief, and issued an order to show cause directed to the District Court, du Pont and Formulabs. This petition seeks to have set aside by this Court the order of the District Court signed January 10, 1962 and filed January 11, 1962. Such order has been stayed by this Court to the extent that Hartley is relieved of the obligation to make, and is enjoined from making, any disclosure to any third party of any trade secrets belonging to Formulabs pending the further order of this Court.
 
 
 12
 In substance, Hartley contends, for the reasons assigned in its petition, that the District Court was guilty of an abuse of discretion under the circumstances of the case in making and signing the disclosure order, and prays that an extraordinary writ be issued.
 
 
 13
 A proper consideration and disposition of Hartley's petition is hampered by the fact that it is inextricably intertwined with the questions presented to us in Cause No. 17741. As previously noted, Formulabs appealed from the disclosure order signed January 10, 1962 and filed January 11, 1962. Hartley and du Pont have moved to dismiss the appeal on the ground that the order appealed from by Formulabs is not a final appealable order. Formulabs concedes that the order appealed from is not a final order as it relates to Hartley and du Pont but contends that the effect of the order is tantamount ot an order denying Formulabs the relief which it seeks, i.e., to prevent Hartley from disclosing Formulabs' trade secrets. Formulabs' contention proceeds on the premise that if Hartley discloses the trade secrets pursuant to the disclosure order, its efforts in the District Court to enjoin such disclosure by Hartley will be evanescent. For that reason, Formulabs urges us to accept the appeal as a petition for writ of mandamus, prohibition, or other writ for relief in the event we should conclude that the order appealed from is not an appealable order.
 
 
 14
 In order to place Formulabs' position in proper focus, it is necessary to partially review certain proceedings in the District Court. On August 9, 1961, Formulabs filed in the District Court a new complaint entitled 'Complaint in Intervention of Formulabsm, Incorporated, Clarence Schreur and Gordon S. Lacy,' in accordance with permission of the Court as given at a hearing held on July 31, 1961. This complaint embraces one cause of action against Hartley and seeks to enjoin Hartley from disclosing the trade secrets contrary to the licensing agreement. (See footnote 1, supra.) On the same day Formulabs filed their motion for a preliminary injunction seeking to enjoin Hartley from making such disclosures, the hearing being noticed for August 21, 1961, which hearing was continued by order of the Court to September 11, 1961. On August 30, 1961, Hartley filed its motion to dismiss the complaint in intervention, and du Pont filed a similar motion on August 31, 1961. On September 11, 1961, the motion for a preliminary injunction was not heard but was continued to a future date. On the same day the Court dismissed the complaint in intervention but later in the hearing vacated the order of dismissal. The result is that Formulabs' motion for a preliminary injunction and the motions to dismiss the complaint in intervention remain pending and undecided in the District Court insofar as the record before us reveals. This situation places this Court in an untenable position in respect to both causes now under review. If this Court should deny Hartley's petition for an extraordinary writ, such action may be nullified if the District Court should later grant Formulabs' motion to enjoin Hartley from making the disclosures; or if disclosure should be made by Hartley prior to a hearing on Formulabs' motion to enjoin Hartley, Formulabs may be deprived of their opportunity to protect their property rights in the trade secrets. If this Court should grant du Pont's and Hartleyhs motions to dismiss Formulabs' appeal in No. 17741 on the ground that the order appealed from is not an appealable order, disclosure might occur before there is entered by the District Court an order adverse to Formulabs which is appealable. If this Court should construe Formulabs' appeal as a petition for an extraordinary writ, it would be required to pass upon matters which remain pending and undecided in the District Court.
 
 
 15
 To the end that a proper disposition may be made of the proceedings before us and in aid of the appellate jurisdiction of this Court, we have concluded: (a) to vacate the submission in Cause No. 17741 and to remand said cause to the District Court with the suggestion and request that the District Court expeditiously rule upon Formulabs' motion for a preliminary injunction and du Pont's and Hartley's motions to dismiss the complaint in intervention. In the event that the party or parties adversely affected by such ruling or rulings shall appeal from such ruling or rulings, such appeal or appeals shall be consolidated with the present appeal in Cause No. 17741 and with the petition in Cause No. 17799, and said Cause No. 17741 and the new appeal or appeals shall be submitted to this Court, without further oral argument on the briefs on file, the present record on appeal supplemented by the record of proceedings had in the District Court upon remand, and supplemental opening, answering and reply briefs on the legal question or questions presented by such new appeal or appeals. If no appeal shall be taken from the ruling or rulings of the District Court on remand, said Cause No. 17741 shall be resubmitted upon the expiration of the time provided for the taking of an appeal; and (b) to vacate the submission of Cause No. 17799, the same to be deemed resubmitted without further oral argument on the present records and briefs upon resubmission of Cause No. 17741.
 
 
 16
 It is so ordered.
 
 
 
 [1]
 The license agreement states that Formulabs is the owner of a secret formula for making ball point ink which Hartley, engaged in the manufacture of ball point pens, desired to use in the manufacture of ink. Under the license agreement Hartley agreed, among other things, that it would not 'in any way or manner make known, divulge or communicate the secret of said formula to any person or persons whomsoever, and will take all reasonable precaution against the secret of said formula being learned or acquired by any unauthorized person or persons.'
 
 
 [2]
 Rule 24 of the Federal Rules of Civil Procedure, in pertinent part, provides:
 '(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) * * *; or (2) * * *; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof.' As amended Dec. 27, 1946, eff. March 19, 1948.